IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSA ISELA MUNIZ, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL NO. 3-13-CV-00161-RFC |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

    This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

    Plaintiff appeals from the decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, respectively. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

    On October 24, 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits alleging a disability onset date of October 21, 2011. (R:119, 124) Her applications were denied initially and on reconsideration. (R:52-55) Plaintiff filed a request for a hearing, which was conducted on December 26, 2012. (R:29-51) The Administrative

Law Judge ("ALJ") issued a decision on January 10, 2013, denying benefits. (R:14-23) The Appeals Council denied review. (R:1-5)

## ISSUES

Plaintiff asks this Court to review whether the ALJ's step five finding that Plaintiff can perform other work that exists in significant numbers in the national economy is based on legal error and whether it is supported by substantial evidence. (Doc. 20:2) Plaintiff asserts that the ALJ committed legal error by failing to provide a function-by-function narrative analysis of Plaintiff's mental abilities and by failing to accommodate Plaintiff's moderate limitations in the domain of concentration, persistence, or pace in either her residual functional capacity ("RFC") determination or in her hypothetical question to the vocational expert ("VE").[1] (Doc. 20:2-6) Plaintiff postulates that by relying on an inaccurate RFC to make its decision, the Commissioner has failed to meet the burden of proof at step five of the sequential evaluation. (R:22:2) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id*.)

Defendant contends that substantial evidence supports the ALJ's findings and conclusions, that the proper legal standards were used, and that a remand for an award of benefits or further administrative proceedings is unwarranted. (Doc. 21)

## DISCUSSION

**I.     Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal

---

[1] The ALJ found that Plaintiff had mild limitations in the domains of daily living activities and social functioning. (R:17-18) Plaintiff does not argue that the ALJ's RFC determination or hypothetical question to the vocational expert failed to accommodate these findings.

standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II.     Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant satisfies her burden under the first four steps, the burden then shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d

232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations, by VE testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The Commissioner's determination is afforded great deference. *Leggett,* 67 F.3d at 564.

### III.  The ALJ's Determination of Plaintiff's Residual Functional Capacity

In determining the severity of Plaintiff's mental impairments of depression and anxiety, the ALJ found that Plaintiff had mild difficulties in her activities of daily living and in her social functioning and moderate difficulties with regard to concentration, persistence, or pace. (R:17-18) After careful consideration of the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work except that she could never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs; frequently balance, stoop, crouch, kneel and crawl; and use a hand held assistive device for ambulation. In addition, Plaintiff's work was limited to simple, routine and repetitive tasks. (R:18)  At the hearing, the ALJ included these maximum abilities in her hypothetical question to the VE. (R:49)  The VE testified that with such an RFC, an individual with the same age, education, and past work experience as Plaintiff could not perform any of her past relevant work but could perform the requirements of the following occupations: (1) food and beverage order clerk; 209.567-014, sedentary, with a specific vocational preparation ("SVP") level of 2; (2) final assembler; 713.687-018, sedentary, with an SVP of 2; and, (3) information clerk; 237.367-046, sedentary, with an SVP of 2. The VE spelled out the number of jobs available regionally and nationally for each position. (R:49)

**IV.     Plaintiff's Claims of Legal Error**

First, Plaintiff contends that the RFC accommodation for "simple, routine, and repetitive tasks" is the result of the same legal error committed in *Otte v. Commissioner*, No. 3:08-CV-2078-P, 2010 WL 4363400 (N.D. Tex. Oct. 18, 2010), substituting the "basic mental demands" of unskilled work for the full and fair "function-by-function" mental RFC analysis. (Doc. 20:3-4) In *Otte*, the ALJ, having found a moderate limitation in concentration, persistence, or pace, inappropriately made a vocational determination that the claimant could mentally perform all unskilled work within his physical RFC, erroneously correlating specific vocational preparation with the complexity of the tasks to be performed, instead of assessing an RFC for performing only simple, routine, repetitive work. *Otte*, 2010 WL 4363400 at *7.  Here, the ALJ's RFC assessment did not mention unskilled work, but identified the specific mental functions affected within the domain of concentration, persistence, or pace, and assessed that Plaintiff could only perform work that was limited to simple, routine and repetitive tasks. (R:18)  Nor did the ALJ make any inappropriate vocational determinations as was done in *Otte*, but rather relied upon the testimony of a VE. (R:17-20) *Otte* and the other similar cases cited by Plaintiff are inapplicable here.

The ALJ did not discuss each possible work-related mental activity in her decision, nor was such discussion required.  While the ALJ must *consider* all of Plaintiff's abilities, not all considerations must be articulated in the written opinion; the ALJ must explain how the evidence supports the RFC determination. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184 at *7. The ALJ discussed the psychological examination report from James W. Schutte, Ph.D., finding Plaintiff to be "moderately" impaired due to depression and anxiety in terms of her ability to reason, and make occupational, social, and personal adjustments. (R:20, 319)  Dr. Schutte noted that

5

Plaintiff's attention and concentration were within normal limits during the interview. (R:318) The ALJ gave Dr. Schutte's opinion considerable weight, concluding that his assigned GAF score of 55 was consistent with moderate limitations. (R:21) The ALJ did not discuss in detail the function-by-function assessment of medical consultant Blaine Carr, Ph.D., but stated that she gave considerable weight to his opinion regarding Plaintiff's mental limitations. (R:21, 334-337) In his function-by-function analysis, Dr. Carr concluded that Plaintiff was not significantly limited in: (1) the ability to remember locations and work-like procedures; (2) the ability to understand and remember very short and simple instructions; (3) the ability to carry out very short and simple instructions; (4) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (5) the ability to sustain an ordinary routine without special supervision; (6) the ability to work in coordination with or proximity to others without being distracted by them; (7) the ability to make simple work-related decisions; (8) the ability to interact appropriately with the general public; (9) the ability to ask simple questions or request assistance; (10) the ability to ask for instructions and respond appropriately to criticism from supervisors; (11) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; (12) the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; (13) the ability to respond appropriately to changes in the work setting; (14) the ability to be aware of normal hazards and take appropriate precautions; (15) the ability to travel in unfamiliar places or use public transportation; and (16) the ability to set realistic goals or make plans independently of others. (R:334-335) Dr. Carr did find that Plaintiff was moderately limited in the areas of: (1) the ability to understand and remember detailed instructions, (2) the ability to carry out detailed instructions, (3) the ability to maintain attention and concentration for extended periods, and (4) the

ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  (*Id.*)  Ultimately, Dr. Carr concluded that Plaintiff was able to understand, remember, and carry out detailed but not complex instructions, make basic decisions, concentrate for extended periods, interact with others, and respond to changes.  (R:336)  This is consistent with the RFC the ALJ assessed.

Plaintiff argues, conversely, that the ALJ erred by failing to include, in both Plaintiff's RFC and in the hypothetical question posed to the VE, the more general finding of Plaintiff's moderate limitation in the domain of concentration, persistence or pace.  (Doc. 20:4)  While the ALJ did not include this more general finding *per se*, as discussed above, she did include in both instances the more specific limitations that she concluded that Plaintiff experienced within that functional domain. The ALJ accounted for Plaintiff's moderate difficulties in the domain of concentration, persistence, or pace by limiting her to an RFC for only "simple, routine and repetitive tasks." (R:18)   It was not error for the ALJ to exclude the more general finding from both Plaintiff's RFC and the hypothetical question in lieu of more specific and precise functional limitations.

Plaintiff is not entitled to relief on these claims.

**V.      Plaintiff's Substantial Evidence Claim**

Plaintiff also contends that the ALJ's RFC determination is not supported by substantial evidence.  (Doc. 20:2-6)  While Plaintiff emphasizes record evidence that might support a more restrictive RFC, this Court is limited to determining whether there is substantial evidence to support the ALJ's determination, and substantial evidence can be less than a preponderance.  *See Masterson*,

309 F.3d at 272. After reviewing the entire record, the Court finds that the ALJ's RFC decision is substantiated.

Plaintiff emphasizes that she lacked the ability to concentrate, had memory problems, and was not able to perform the amount of work required of her during the workday. She also had difficulty completing tasks, following instructions, and needed reminders to take her medication because she forgets times and the quantities she needs to take, and she also needs reminders regarding doctor's appointments. (Doc. 22:1-2) She argues that substantial evidence does not exist to show that she is not disabled. (Doc. 22:2)

As part of making her determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within her broad discretion to weigh the evidence and make credibility choices. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered Plaintiff's testimony as well as the other evidence of record. On the one hand, she considered a litany of complaints urged by Plaintiff. (*See* Doc. 22:1-2) On the other hand, the ALJ concluded that Plaintiff could perform numerous tasks, including *inter alia* shopping, handling money, using a telephone, watching television, attending doctor's appointments, spending time with her children, and visiting with parents. (R:17-18) In addition, a face-to-face interview of Plaintiff conducted on October 24, 2011, failed to show any difficulties with understanding, concentrating, talking, and answering. (R:150) Based upon her review of the entire evidence, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of her alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (R:19, 21) Such a decision was within the ALJ's discretion and is supported by the evidence.

The medical evidence of record also supports the ALJ's determination. Dr. Schutte found Plaintiff's attention and concentration to be within normal limits, and assessed Plaintiff with a Global Assessment of Functioning score of 55, which indicates that an individual has moderate symptoms or difficulty in social, occupational or social functioning. (R:318-319); Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

Notwithstanding the moderate limitations Dr. Carr assessed, he stated that Plaintiff could still understand, remember, and carry out detailed but not complex instructions, make basic decisions, concentrate for extended periods, interact with others, and respond to changes. (R:336)

The Court acknowledges that Ramsey R. Hazboun, M.D., Plaintiff's primary physician did diagnose Plaintiff with depression and anxiety and treated her with medication. (R:21) Nevertheless, the record fails to show that Plaintiff ever sought treatment from a mental health professional. *Id*. Failure to seek treatment is an indication of nondisability and relevant to the credibility of a claimant's subjective complaints. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). A review of Dr. Hazboun's medical records fails to show that Plaintiff had mental limitations greater than those identified by the ALJ in her RFC determination. (R:21, 298-311, 354-461) In fact, in a letter provided by Dr. Hazboun on November 16, 2012, he failed to point out that Plaintiff's medical condition resulted in any work-related limitations. (R:450) The mere presence of an impairment is not disabling *per se. Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).

Although the burden is initially on the Commissioner at step five, once the requisite showing is made, the burden shifts back to Plaintiff to rebut the finding that there are jobs that exist in significant numbers that Plaintiff can perform. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Plaintiff did not elicit any testimony from the VE to rebut the finding based on Plaintiff's ability to

perform the jobs described by the VE.  (R:50)  Plaintiff's only question related to another matter. (*Id.*)  The ALJ's hypothetical question reasonably incorporated Plaintiff's moderate difficulties in the domain of concentration, persistence, or pace by limiting her to an RFC for only simple, routine and repetitive tasks.  (R:49)  Plaintiff's counsel had an opportunity to correct any deficiencies in the ALJ's question and to rebut the VE's testimony that jobs existed in significant numbers that Plaintiff could perform.  This opportunity was not utilized.

In this same vein, Plaintiff argues that the ALJ erred in relying on the occupations identified by the VE.  (Doc. 20:4)  All occupations identified by the VE have an SVP level of 2.  It is urged that because the SVP level in a DOT listing indicating unskilled work does not address whether a job entails only simple repetitive tasks, and many jobs within this range require more than the mental capacity to follow simple instructions, reliance on the occupations identified by the VE is error requiring reversal.  (*Id.*); *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).

This argument, as the Commissioner correctly points out, overlooks the fact that the ALJ relied on the VE's testimony based on a hypothetical question specifically including Plaintiff's mental RFC for only simple, routine or repetitive tasks, and not the DOT's SVP score, to make a step five finding in this case.  (R:18, 22-23, 49)  The value of a VE is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed.  *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).  Thus, Plaintiff's reliance on *Lucy v. Chater,* 113 F.3d 905 (8th Cir. 1997), is not controlling.

Alternatively, Plaintiff should not be allowed to scan the record for implied or unexplained conflicts between the precise testimony of the VE and the voluminous provisions of the DOT and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit

adversarial development in the hearing before the ALJ. *Carey v. Apfel*, 230 F.3d 131, 146-147 (5th Cir. 2000). Once again, Plaintiff's counsel had a full opportunity to cross-examine the VE on the effects of Plaintiff's limitations on her ability to perform the jobs of food and beverage order clerk, final assembler, and information clerk. (R:50) Instead, the testimony remained unchallenged, particularly with regard to the precise issue of whether the specific jobs the VE referred to entail only simple and repetitive tasks. (R:50; Doc. 20:4) In so doing, Plaintiff failed to pursue the nature and extent of any purported conflict between the VE's testimony and DOT job requirements at that time. The principle enunciated in *Carey* controls in this case and bars Plaintiff from obtaining the relief she seeks.

The ALJ's determination is supported by substantial evidence. Plaintiff is not entitled to relief on this claim.

## CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on October 22, 2015.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE